**No. 20-55253**

---

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

BRYCE ABBINK,

*Plaintiff-Appellant,*

v.

EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Central District of California,
Case No. 8:19-cv-01257-JFW-PJWx
The Honorable John F. Walter, United States District Judge.

---

## EXCERPTS OF RECORD

---

Aaron D. Aftergood
(aaron@aftergoodesq.com)
THE AFTERGOOD LAW FIRM
1880 Century Park East
Ste. 200
Telephone: (310) 551-5221

Taylor T. Smith
(tsmith@woodrowpeluso.com)
WOODROW & PELUSO, LLC
3900 East Mexico Avenue
Ste. 300
Denver, Colorado 80210
Telephone: (720) 907-7628

*Attorneys for Appellant Bryce Abbink*

# INDEX

| DATE | DOCKET NO. | DOCUMENT | PAGE |
|---|---|---|---|
| 3/6/2020 | Doc. # 74 | Notice of Appeal | ER1 |
| 2/7/2020 | Doc. # 73 | Final Judgment | ER5 |
| 1/23/2020 | Doc. # 68 | Order Denying Motion To Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion To Dismiss | ER7 |
| 12/5/2019 | Doc. # 52 | Order Granting Defendant Experian Information Solutions Inc.'s Motion To Dismiss | ER11 |
| 6/21/2019 | Doc. # 1 | Class Action Complaint | ER19 |
| 6/21/2019 | Doc. # 1 | Exhibit A: UDS Solicitation | ER44 |
| | | Docket Sheet | ER46 |
| | | Certificate of Service | |

Aaron D. Aftergood (239853)
    aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith (*admitted pro hac vice*)
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

Attorneys for Plaintiff Bryce Abbink
and the Classes

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **Bryce Abbink,** individually and on behalf of all others similarly situated, | Case No.  8:19-cv-01257-JFW-PJWx |
| Plaintiff, | **NOTICE OF APPEAL** |
| v. | Hon. John F. Walter |
| **Experian Information Solutions, Inc.,** an Ohio corporation, **Lend Tech Loans, Inc.,** a California corporation, and **Unified Document Services, LLC,** a California Limited Liability Company, | Complaint Filed: June 21, 2019 |
| Defendants. | |

ER01

1    Pursuant to Federal Rules of Appellate Procedure 3 and 4, notice is hereby

2    given that Plaintiff Bryce Abbink appeals to the United States Court of Appeals for

3    the Ninth Circuit from the District Court's entry of Final Judgment dated February 6,

4    2020 (dkt. 73), the District Court's Order Granting Defendant Experian Information

5    Solutions Inc.'s Motion to Dismiss (dkt. 52), and the District Court's subsequent

6    Order Denying Motion to Reconsider Order Granting Defendant Experian

7    Information Solutions, Inc.'s Motion to Dismiss (dkt. 68). Copies of the Final

8    Judgment and both Orders are attached hereto as Exhibit A, Exhibit B, and Exhibit

9    C, respectively.

10

11            *            *            *            *            *

12

13                                        Respectfully submitted,

14                                        **Bryce Abbink**, individually and on behalf of
15                                        all others similarly situated,

16

17   Dated: March 6, 2020        By:    _/s/ Taylor T. Smith_

18                                        Aaron D. Aftergood (239853)
                                          aaron@aftergoodesq.com
19                                        **THE AFTERGOOD LAW FIRM**
                                          1880 Century Park East, Suite 200
20                                        Los Angeles, CA 90067
                                          Telephone: (310) 550-5221
21                                        Facsimile: (310) 496-2840

22                                        Taylor T. Smith*
                                          tsmith@woodrowpeluso.com
23                                        **WOODROW & PELUSO, LLC**
                                          3900 East Mexico Avenue, Suite 300
24                                        Denver, Colorado 80210
                                          Telephone: (720) 907-7628
25                                        Facsimile: (303) 927-0809

26                                        *Pro Hac Vice*

27                                        Attorney for Plaintiff Bryce Abbink
                                          and the Classes
28

NOTICE OF APPEAL                    - 2 -

**ER02**

# REPRESENTATION STATEMENT

Plaintiff-Appellant, Bryce Abbink, individually and on behalf of all others similarly situated, hereby submits the following Representation Statement:

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Plaintiff-Appellant Bryce Abbink, individually and on behalf of all others similarly situated | Aaron D. Aftergood (239853)<br>Email: aaron@aftergoodesq.com<br>THE AFTERGOOD LAW FIRM<br>1880 Century Park East, Suite 200<br>Los Angeles, CA 90067<br>Telephone: (310) 550-5221<br>Facsimile: (310) 496-2840<br><br>Taylor T. Smith*<br>Email: tsmith@woodrowpeluso.com<br>WOODROW & PELUSO, LLC<br>3900 East Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>Telephone: (720) 907-7628<br>Facsimile: (303) 927-0809<br><br>*Pro Hac Vice |
| Defendant-Appellee Experian Information Solutions, Inc., an Ohio corporation | Richard J. Grabowski<br>Email: rgrabowski@jonesday.com<br>Ryan D. Ball<br>Email: rball@jonesday.com<br>Jack Williams IV<br>Email: jackwilliams@jonesday.com<br>Justin A. Potesta<br>Email: jpotesta@jonesday.com<br>JONES DAY<br>3161 Michelson Drive, Suite 800<br>Irvine, CA 92612<br>Telephone: 949.851.3939<br>Facsimile: 949.553.7539 |

ER03

# CERTIFICATE OF SERVICE

I am a resident of the State of Colorado, over the age of eighteen years old, and am not a party to this lawsuit. My business address is 3900 E. Mexico Avenue, Suite 300, Denver, Colorado 80210. I HEREBY CERTIFY that on the 6th day of March 2020, I filed the foregoing **NOTICE OF APPEAL** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard J. Grabowski
rgrabowski@jonesday.com
Ryan D. Ball
rball@jonesday.com
Jack Williams IV
jackwilliams@jonesday.com
Justin A. Potesta
jpotesta@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: 949.851.3939
Facsimile: 949.553.7539

Attorneys for Defendant Experian Information Solutions, Inc.

I declare that the foregoing is true and correct.

*/s/ Taylor T. Smith*

Case: 20-55363, 06/04/2020, ID: 11714116, DktEntry: 12, Page 7 of 56

1
2
3                                                                          **JS-6**
4
5
6
7                    **UNITED STATES DISTRICT COURT**
8                    **CENTRAL DISTRICT OF CALIFORNIA**
                            **WESTERN DIVISION**
9

10   **Bryce Abbink,** individually and on
     behalf of all others similarly situated,
11                                                  Case No.  8:19-cv-01257-JFW-PJWx
12                                   Plaintiff,
                                                    **FINAL JUDGMENT**
13   v.
                                                    Judge: Hon. John F. Walter
14   **Experian Information Solutions, Inc.,**      Complaint filed: June 21, 2019
     an Ohio corporation, **Lend Tech**
15   **Loans, Inc.,** a California corporation,
     and **Unified Document Services, LLC**,
16   a California Limited Liability
     Company,
17
18                                   Defendants.
19
20
21
22
23
24
25
26
27
28

On December 5, 2019, this Court granted Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Dismiss. (Dkt. 52.) On January 29, 2020, this Court granted Plaintiff Bryce Abbink's ("Plaintiff") Motion for Default Judgment Against Lend Tech Loans, Inc. ("Lend Tech") and Plaintiff's Motion for Default Judgment Against Unified Document Services, LLC ("UDS").

Accordingly, the Court hereby **ORDERS** as follows:

1. The Court enters **JUDGMENT** against Plaintiff and in favor of Experian with respect to Counts I & II of the Complaint. Pursuant to the Court's December 5, 2019 Order, the Complaint is dismissed with prejudice with respect to the claims asserted against Experian.

2. The Court enters **JUDGMENT** in favor of Plaintiff and against Lend Tech with respect to Count III of the Complaint. Pursuant to the Court's January 29, 2020 Order (dkt. 71), Lend Tech is **ORDERED** to pay $2,000 in damages to Plaintiff and $400 in attorneys' fees to Plaintiff's counsel.

3. The Court enters **JUDGMENT** in favor of Plaintiff and against UDS with respect to Count IV of the Complaint.[1] Pursuant to the Court's January 29, 2020 Order (dkt. 71), UDS is **ORDERED** to pay $1,000 in damages to Plaintiff and $300 in attorneys' fees to Plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: <u>February 6, 2020</u>          _____
Hon. John F. Walter
United States District Judge

---

[1] Plaintiff abandoned Count V of his Complaint. (*See* Dkt. 64 at 7.)

ER06

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

Case No.    **SA CV 19-1257-JFW(PJWx)**                Date:  January 23, 2020

Title:      Bryce Abbink -v- Experian Information Solutions, Inc., et al.

═══════════════════════════════════════════════════════════════════════

**PRESENT:**
            **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

        **Shannon Reilly**                          **None Present**
        **Courtroom Deputy**                        **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                        None

**PROCEEDINGS (IN CHAMBERS):**      **ORDER DENYING MOTION TO RECONSIDER ORDER**
                                    **GRANTING DEFENDANT EXPERIAN INFORMATION**
                                    **SOLUTIONS, INC.'S MOTION TO DISMISS [filed 1/2/20;**
                                    **Docket No. 61]**

        On January 2, 2020, Plaintiff Bryce Abbink ("Plaintiff") filed a Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss ("Motion").  On January 13, 2020, Defendant Experian Information Solutions, Inc. ("Defendant") filed its Opposition.  On January 17, 2020, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 3, 2020 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

        On June 21, 2019, Plaintiff filed a Class Action Complaint against Experian, Lend Tech Loans, Inc. ("Lend Tech"), and United Document Services, LLC ("UDS"), alleging claims for: (1) violation of 15 U.S.C. § 1681b, *et seq.*, and § 1681e, *et seq.*, against Experian; (2) violation of violation of 15 U.S.C. § 1681b(c), *et seq.*, against Experian; (3) violation of 15 U.S.C. § 1681b, *et seq.*, and § 1681e, *et seq.*, against Lend Tech; (4) violation of 15 U.S.C. § 1681b, *et seq.*, against UDS; and (5) violation of 15 U.S.C. § 1681m, *et seq.*, against UDS.  In the Complaint, Plaintiff alleges that Experian willfully violated the Fair Credit Reporting Act ("FCRA") by furnishing his credit information to Lend Tech, a purported mortgage lender, who allegedly lacked a permissible purpose and impermissibly re-sold his federal student loan information to UDS.  Specifically, Plaintiff alleges that he received a solicitation from UDS, advertising a student loan consolidation program.  The solicitation indicated that Plaintiff had approximately $78,500 of federal student loan debt, which Plaintiff alleges Experian reported to Lend Tech on or around January 21, 2019.

Initials of Deputy Clerk __sr__

Plaintiff alleges that Experian willfully violated 15 U.S.C §§ 1681b(c)(1) by furnishing his consumer report to Lend Tech because Experian should have known that Lend Tech lacked a permissible purpose based on certain "red flags."[1]  For example, Plaintiff alleges that a reasonable investigation would have uncovered that Lend Tech, which held itself out as a mortgage lender, did not "possess any license to conduct any financial services or mortgage lending or originating in the State of California."  *Id.*, at ¶ 53. In addition, Plaintiff alleges that Lend Tech provided Experian with a nonworking telephone number and an outdated business address.  *Id.*, at ¶ 55.  Plaintiff alleges that, despite these red flags, Experian accepted Lend Tech's certification of its permissible purpose "at face value."  *Id.*, at ¶ 57.  Plaintiff alleges that Experian violated 15 U.S.C. § 1681e(a) by "failing to implement reasonable procedures to limit the furnishing of a consumer report for a permissible purpose" and by "failing to make a reasonable effort to verify the identity of Lend Tech Loans and the supposed permissible purpose for which the information was being sought."  *Id.*, at ¶ 52.  In addition, Plaintiff alleges that Experian willfully violated § 1681b(c)(2) by purportedly disclosing his total federal student loan debt to Lend Tech, because such disclosure impermissibly identified his relationship to a particular creditor, the U.S. Department of Education ("USDE").  *Id.*, at ¶¶ 65-67.

On September 20, 2019, the Court granted Experian's Motion to Dismiss, and dismissed the action against Experian with prejudice.[2]  Docket No. 52.  In the September 20, 2019 Order, the Court concluded that Plaintiff's Complaint against Experian failed for three independent reasons: (1) "Plaintiff admit[ted] that Experian had 'reason to believe' that it was furnishing Plaintiff's consumer report in accordance with Section 1681b(c)(1)"; (2) "Plaintiff fail[ed] to identity a single process or procedure Experian lacked or failed to follow in evaluating whether Lend Tech had a permissible purpose"; and (3) Plaintiff failed to allege that Experian's conduct was willful because "Plaintiff's Complaint [was] devoid of any factual allegations concerning Experian's state of mind or its knowledge that Lend Tech was not using the prescreen reports for their intended purpose."  In addition, the Court concluded that Plaintiff could not allege any facts that would cure these material defects and, thus, leave to amend was futile.

## II.    Legal Standard

Pursuant to Local Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  Local Rule 7-18.

## III.    Discussion

---

[1]  Plaintiff does not allege that Experian had any contacts with UDS or that Experian had any knowledge that Lend Tech resold Plaintiff's credit information to UDS.

[2]  The only claims alleged against Experian in the Complaint were Counts I and II, and Counts I and II were not alleged against any of the other defendants.

Initials of Deputy Clerk __sr__

**ER08**

In his Motion, Plaintiff seeks reconsideration of the September 20, 2019 Order. Specifically, Plaintiff seeks reconsideration of the Court's ruling granting Experian's Motion to Dismiss without leave to amend his claims based on Experian's alleged violation of Section 1681e(a) by failing to adequately verify Lend Tech's permissible purpose.[3]  However, this Court will not reconsider arguments previously made by Plaintiff and rejected by this Court or arguments that Plaintiff could have made before on a motion for reconsideration.  *See* Local Rule 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion"); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (affirming denial of motion for reconsideration where the plaintiff failed to raise arguments in opposing the defendants' motion for summary judgment).  In this Motion, Plaintiff has merely made arguments that he previously made or could have made in his Opposition to Experian's Motion to Dismiss. For this reason alone, Plaintiff's Motion is denied.

In addition, Plaintiff's reliance on *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010), to support his argument that the Court committed clear error is misplaced.  In *Pintos*, the Ninth Circuit concluded that a collection agency, PCA, did not have a permissible purpose to pull the plaintiff's consumer report after the plaintiff's car had been towed and the debt transferred to PCA because the plaintiff "did not initiate the transaction that resulted in PCA requesting her credit report" and Section 1681b(a)(3)(A) requires the consumer to initiate a transaction.  *Id.* at 676.  Therefore, the Ninth Circuit concluded that Experian did not have a "reason to believe" that PCA had a permissible purpose when PCA requested the plaintiff's consumer report in a transaction not initiated by the plaintiff.

However, in this case, Experian had reason to believe that Lend Tech had a permissible purpose under Section 1681b(c), which "permits a consumer reporting agency to furnish a creditor with a consumer report in connection with a credit transaction not initiated by the consumer if 'the transaction consists of a firm offer of credit.'"  *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004) (*quoting* 15 U.S.C. § 1681b(c)(1)(B)(i)).  Thus, because Experian furnished Plaintiff's consumer report to Lend Tech based on Lend Tech's representation that it intended to use the report for the purpose of a firm offer of credit, Experian had "reason to believe" that it was furnishing Plaintiff's consumer report in accordance with Section 1681b(c)(1).

Cases interpreting Section 1681(b) demonstrate that in order to show "that a report was 'furnished'. . . a CRA need only show that it had 'reason to believe' that the report would be used for that purpose, and obtained appropriate certifications from its customers that the report would be used only for that purpose."  *See Henderson v. Corelogic Nat'l Background Data, LLC*, 161 F. Supp. 3d 389, 397 n.7 (E.D. Va. 2016) (collecting authority).  In this case, unlike in *Pintos*, the purpose for which Lend Tech certified its use was permissible.  Thus, because Lend Tech certified that it intended to issue firm offers of credit, Experian had reason to believe that it was furnishing the report in accordance with Section 1681b(c).  Despite Plaintiff's argument to the contrary, the holding in *Pintos* does not suggest that a CRA with "reason to believe" that it was furnishing a

---

[3]  Plaintiff does not challenge the portion of the Court's September 20, 2019 Order dismissing Count II, which related to Experian's alleged disclosure of Plaintiff's total student loan debt to Lend Tech, without leave to amend.

Initials of Deputy Clerk __sr__

ER09

consumer's report in accordance with Section 1681b(c)(1) can nevertheless be held liable under the FCRA merely because the subscriber deceived a CRA.  In fact, the Ninth Circuit in *Pintos* expressly refused to "opine on the meaning or scope of . . . [Section] 1681b(c) or on the practice of obtaining information from credit reporting agencies to permit the extension of offers to prescreened customers."  *Pintos*, 605 F.3d at 676 n.2; *see also Baker v. TransUnion LLC*, 2010 WL 2104622 (D. Ariz. May 25, 2010) ("Stating a claim under § 1681b is a prerequisite to asserting a claim under § 1681e(a) because without a § 1681b violation, there is no basis to challenge a consumer reporting agency's preventative procedures . . . [the plaintiff] has incurably failed to state a claim against Trans Union under § 1681b.  Therefore, her § 1681e(a) claim will similarly be dismissed without leave to amend"); *Moreland v. Corelogic SafeRent LLC*, 2014 WL 12783274 (C.D. Cal. May 12, 2014) ("[A] plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report" for an impermissible purpose under section 1681b.  If a plaintiff can't show the report was released for an improper purpose, there is no basis to challenge the consumer reporting agency's preventative procedures") (internal citations and quotations omitted).

## IV.    Conclusion

For all the foregoing reasons, Plaintiff's Motion is **DENIED**.[4]

IT IS SO ORDERED.

_____

[4]  Experian's Request for attorneys' fees and costs is also **DENIED**.

Initials of Deputy Clerk __sr__

**ER10**

Case 8:19-cv-01257-JFW-PJW Document 52 Filed 09/26/19 Page 1 of 8 Page ID #:382

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

Case No.    **SA CV 19-1257-JFW(PJWx)**                          Date: September 20, 2019

Title:        Bryce Abbink -*v*- Experian Information Solutions, Inc., et al.

═══════════════════════════════════════════════════════════════════

**PRESENT:**

        **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

        **Shannon Reilly**                                **None Present**
        **Courtroom Deputy**                          **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                      None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING DEFENDANT EXPERIAN**
                                      **INFORMATION SOLUTIONS INC.'S MOTION TO**
                                      **DISMISS [filed 8/14/19; Docket No. 25]**

        On August 14, 2019, Defendant Experian Information Solutions Inc. ("Experian") filed a Motion to Dismiss ("Motion").  On August 26, 2019, Plaintiff Bryce Abbink ("Plaintiff") filed his Opposition.  On August 30, 2019, Experian filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's September 16, 2019 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.        Factual and Procedural Background**

        On June 21, 2019, Plaintiff filed a Class Action Complaint against Experian, Lend Tech Loans, Inc. ("Lend Tech"), and United Document Services, LLC ("UDS"), alleging claims for: (1) violation of 15 U.S.C. § 1681b, *et seq.*, and § 1681e, *et seq.*, against Experian; (2) violation of violation of 15 U.S.C. § 1681b(c), *et seq.*, against Experian; (3) violation of 15 U.S.C. § 1681b, *et seq.*, and § 1681e, *et seq.*, against Lend Tech; (4) violation of 15 U.S.C. § 1681b, *et seq.*, against UDS; and (5) violation of 15 U.S.C. § 1681m, *et seq.*, against UDS.  In the Complaint, Plaintiff alleges that Experian willfully violated the Fair Credit Reporting Act ("FCRA") by furnishing his credit information to Lend Tech, a purported mortgage lender, who allegedly lacked a permissible purpose and impermissibly re-sold his federal student loan information to UDS.  Specifically, Plaintiff alleges that he received a solicitation from UDS, advertising a student loan consolidation program.  The solicitation indicated that Plaintiff had approximately $78,500 of federal student loan debt, which Plaintiff alleges Experian reported to Lend Tech on or around January 21, 2019.

Initials of Deputy Clerk __sr__

Plaintiff alleges that Experian willfully violated 15 U.S.C §§ 1681b(c)(1) by furnishing his consumer report to Lend Tech because Experian should have known that Lend Tech lacked a permissible purpose based on certain "red flags."[1]  For example, Plaintiff alleges that a reasonable investigation would have uncovered that Lend Tech, which held itself out as a mortgage lender, did not "possess any license to conduct any financial services or mortgage lending or originating in the State of California."  *Id.*, at ¶ 53. In addition, Plaintiff alleges that Lend Tech provided Experian with a nonworking telephone number and an outdated business address.  *Id.*, at ¶ 55.  Plaintiff alleges that, despite these red flags, Experian accepted Lend Tech's certification of its permissible purpose "at face value."  *Id.*, at ¶ 57.  Plaintiff alleges that Experian violated 15 U.S.C. § 1681e(a) by "failing to implement reasonable procedures to limit the furnishing of a consumer report for a permissible purpose" and by "failing to make a reasonable effort to verify the identity of Lend Tech Loans and the supposed permissible purpose for which the information was being sought."  *Id.*, at ¶ 52.

In addition, Plaintiff alleges that Experian willfully violated § 1681b(c)(2) by purportedly disclosing his total federal student loan debt to Lend Tech, because such disclosure impermissibly identified his relationship to a particular creditor, the U.S. Department of Education ("USDE").  *Id.*, at ¶¶ 65-67.

## II.    Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly

---

[1]  Plaintiff does not allege that Experian had any contacts with UDS or that Experian had any knowledge that Lend Tech resold Plaintiff's credit information to UDS.

Initials of Deputy Clerk __sr__

submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III. Discussion

### A. Prescreening and the Fair Credit Reporting Act

The FCRA describes the circumstances under which a credit reporting agency ("CRA"), like Experian, may lawfully furnish a consumer report to a third party, which are called "permissible purposes." 15 U.S.C. § 1681b; *see also Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1045-46 (7th Cir. 2005). A CRA has a permissible purpose to furnish a consumer report to "a person which it has reason to believe," among other things, "intends to use the information in connection with a credit transaction involving the consumer . . . and involving the extension of credit to, or review or collection of an account of, the consumer" (15 U.S.C. § 1681b(a)(3)(A)), or in connection with an unsolicited (*i.e.*, prescreen) credit transaction that "consists of a firm offer of credit" (15 U.S.C. § 1681b(c)(1)(B)). This case involves prescreen reports.

In prescreening, a user, such as a lender, or an agent acting on the lender's behalf, such as a mortgage broker, submits pre-selected credit criteria to a CRA, which compiles and provides a list of consumers who meet that criteria, called a prescreen list. *See Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839-41 (5th Cir. 2004) (describing prescreening process); *see also Harris v. Database Mgmt. & Mktg., Inc.*, 609 F. Supp. 2d 509, 513 (D. Md. 2009). In return, the lender agrees to extend a firm offer of credit to all consumers who meet the preselected criteria. *Kennedy*, 369 F.3d 839-41. Prescreening is one of the few instances where the FCRA allows consumer credit information to be disclosed to a third party without the consumer's knowledge or consent. *Id.* By allowing prescreening, Congress struck a balance between the consumer's right to privacy and the value a consumer receives from a firm offer of credit. *See, e.g., Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004).

### B. Plaintiff Failed to State a Claim Against Experian for Furnishing His Consumer Report to Lend Tech.

In Count I of his Complaint, Plaintiff alleges that Experian willfully violated Section 1681b(c) and Section 1681e(a) by furnishing his consumer report to Lend Tech based on Lend Tech's representation that it intended to issue firm offers of credit. Complaint, ¶ 48. Specifically, Plaintiff alleges that Lend Tech did not have a permissible purpose to obtain his consumer report because "he did not have any relationship with Lend Tech Loans, has never conducted any business with

Initials of Deputy Clerk __sr__

Lend Tech Loans, and has never provided any authorization to Lend Tech Loans to obtain his consumer report." *Id.*, ¶¶ 49-50. In its Motion, Experian argues that Plaintiff fails to allege any facts demonstrating that Experian violated Section 1681b(c) and Section 1681e(a) and fails to allege any facts demonstrating that Experian's conduct was willful. In his Opposition, Plaintiff argues that his allegations are sufficient to state a claim.

### 1. Plaintiff Failed to Allege That Experian Violated Section 1681b(c).

In this case, Plaintiff has failed to allege any facts demonstrating that Experian knew, or had any indication, that Lend Tech would not issue firm offers of credit or that it was reselling Plaintiff's information to UDS. To the contrary, Plaintiff affirmatively alleges that Experian furnished Plaintiff's consumer report to Lend Tech based on Lend Tech's "representation that it intended to use [the] report for the purpose of a firm offer of credit." *Id.*, ¶ 48. Thus, Plaintiff admits that Experian had "reason to believe" that it was furnishing Plaintiff's consumer report in accordance with Section 1681b(c)(1). *See Henderson v. Corelogic Nat'l Background Data, LLC*, 161 F. Supp. 3d 389, 397 n.7 (E.D. Va. 2016) ("[T]o show that a report was 'furnished' for a permissible purpose. . . a CRA need only show that it had 'reason to believe' that the report would be used for that purpose, and obtained appropriate certifications from its customers that the report would be used only for that purpose"). Therefore, the Court concludes that Plaintiff has failed to allege any facts demonstrating that Experian violated Section 1681b(c).

### 2. Plaintiff Failed to Allege That Experian Violated Section 1681e.

To allege a claim for a violation of Section 1681e, Section 1681e requires more from a credit reporting agency than merely obtaining a subscriber's general promise to obey the law." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010). However, "a plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b." *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 (5th Cir. 2000); *see also Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 878 (W.D. Tex. 2016); *Baker v. Trans Union LLC*, 2008 WL 4838714, at *5 (D. Ariz. Nov. 6, 2008). In this case, the Court has already concluded that Plaintiff failed to allege any facts demonstrating that Experian violated Section 1681b(c). Because Plaintiff failed to demonstrate that Experian released his consumer report in violation of Section 1681b(c), Plaintiff cannot bring a claim based on Experian's violation of the "reasonable procedures" requirement of Section 1681e.

Moreover, Plaintiff fails to identify a single process or procedure Experian lacked or failed to follow in evaluating whether Lend Tech had a permissible purpose. Instead, Plaintiff alleges in conclusory fashion that Experian should have known that Lend Tech lacked a permissible purpose based on certain "red flags." However, neither of the "red flags" relied on by Plaintiff demonstrates that Experian lacked reasonable procedures to ensure that Lend Tech had a permissible purpose under Section 1681b. For example, Plaintiff alleges that Experian lacked reasonable procedures because Experian failed to discover that Lend Tech did "not possess any license to conduct any financial services." Complaint, ¶ 54. However, the California Department of Real Estate's website indicates that Lend Tech had obtained a corporate broker's license on August 11, 2017. Because "a real estate broker can perform services for both lenders and borrowers in connection with loans secured by liens on real property," there was no reason for Experian to be suspicious about Lend Tech's lack of a lending license. *See Bock v. Cal. Capital Loans, Inc.*, 216 Cal. App. 4th 264, 269

Initials of Deputy Clerk _sr_

**ER14**

(2013).  Plaintiff also alleges that Experian lacked reasonable procedures because Experian failed to discover that the address and telephone number for Lend Tech listed on Plaintiff's personal consumer report was "a nonworking telephone number and a business address that does not match the current address on [Lend Tech's] California business filing."  Complaint, ¶ 55.  However, Plaintiff does not allege if those facts existed at the time Experian verified Lend Tech's identity and permissible purpose.  Moreover, Plaintiff does not explain how either the outdated address or nonworking telephone number demonstrates that Experian lacked reasonable procedures to ensure that Lend Tech had a permissible purpose under Section 1681b.  *Pietrafesa v. First Am. Real Estate Info. Servs., Inc.*, 2007 WL 710197, at * 4 (N.D.N.Y. Mar. 6, 2007) (holding that "[i]t would be unreasonable to require credit reporting agencies . . . to independently investigate each and every request to determine its legitimacy").

### 3.  Plaintiff Has Failed to Allege a Willful Violation.

Furthermore, even if Plaintiff had alleged a violation of Section 1681b(c) or Section 1681e(a), Plaintiff has failed to allege that Experian acted willfully.  "The FCRA does not impose strict liability."  *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).  Instead, liability is imposed only when a CRA either willfully or negligently fails to maintain reasonable procedures to avoid improper disclosures.  *See Banga v. Experian Info. Sols., Inc.*, 2013 WL 5539690, at *6 (N.D. Cal. Sept. 30, 2013) ("The FCRA imposes civil liability on any consumer reporting agency which is either negligent or willful in failing to comply with any requirement imposed under the FCRA. 15 U.S.C. §§ 1681n, 1681o").  In addition, in order to allege a claim for negligent violation of the FCRA, a plaintiff must allege actual damages.  *See* 15 U.S.C. § 1681o; *see also Braun v. Client Servs., Inc.*, 14 F. Supp. 3d 391, 397 (S.D.N.Y. 2014) ("[A] complaint alleging a claim for negligent violation of the FCRA under § 1681o must allege actual damages").  In this case, because Plaintiff has not alleged actual damages, plaintiff must allege a willful violation.

An FCRA violation is willful if it is made either knowingly or with reckless disregard for the requirements imposed under the Act.  *See Safeco Ins. Co. of Am. v. Burr*, 551 US. 47, 56-60 (2007).  A CRA acts in "reckless disregard" for purposes of the FCRA where its actions involve "an unjustifiably high risk of harm that is either known or so obvious that it should be known."  *Id.* at 68 (internal quotation marks omitted).  "In order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state . . . Merely stating that the violation was 'willful' or 'negligent' is insufficient."  *Monroe v. Guilford Cty. Dist. Court*, 2015 WL 4873002, at *1–2 (M.D.N.C. Aug. 13, 2015) (*quoting Braun*, 14 F. Supp. 3d at 397); *see also Mnatsakanyan v. Goldsmith & Hull APC*, 2013 WL 10155707, at *7 (C.D. Cal. May 14, 2013) (dismissing willfulness claim where plaintiff failed to allege facts showing defendant's "state of mind" in procuring plaintiff's consumer report).

In this case, Plaintiff's Complaint is devoid of any factual allegations concerning Experian's state of mind or its knowledge that Lend Tech was not using the prescreen reports for their intended purpose.  In fact, there is not a single allegation that Experian had any indication that Lend Tech did not send firm offers of credit or that it was simply reselling consumers' information to UDS.  Instead, Plaintiff makes generic and conclusory statements regarding Experian's sale of "consumer reports to businesses, such as Lend Tech."  Complaint, at ¶ 59.  However, this sort of conclusory allegation is insufficient to state a willfulness claim under Section 1681n.  *See Braun*,

ER15

14 F. Supp. 3d at 398 (dismissing plaintiff's willfulness claim because it was pleaded in conclusory fashion, and amount[ed] to nothing more than a formulaic recitation of the elements of a cause of action . . . Defendant's conduct could just as likely have been unintentional"); *Mnatsakanyan*, 2013 WL 10155707, at *7 (dismissing plaintiff's willfulness claim because the complaint did "not allege that [defendant] knew it lacked a permissible reason for making a credit inquiry at the time it inquired"); *see also Perl v. Plains Commerce Bank*, 2012 WL 760401, at *2 (S.D.N.Y. Mar. 8, 2012) (dismissing plaintiff's willfulness claim, despite plaintiff sufficiently alleging that defendant "lacked a permissible purpose," because "plaintiff's assertion that defendant's state of mind in doing so was willful is conclusory").

Accordingly, Plaintiff's Motion is granted with respect to Count I of Plaintiff's Complaint, and because amendment is futile[2], Count I is dismissed without leave to amend.

### C. Plaintiff Failed to State a Claim Against Experian for Disclosing Plaintiff's Total Student Loan Debt to Lend Tech.

In Count II of the Complaint, Plaintiff alleges that Experian willfully violated Section 1681b(c)(2) by disclosing his total federal student loan debt on the prescreen report sold to Lend Tech. Complaint, ¶¶ 64-68. In its Motion, Experian argues that Plaintiff fails to state a claim because he fails to allege any facts demonstrating that Experian violated Section 1681b(c)(2) and fails to allege any facts demonstrating that Experian's conduct was willful. In its Opposition, Plaintiff argues that his allegations are sufficient to state a claim.

#### 1. Plaintiff Failed to Allege That Experian Violated Section 1681b(c)(2).

Under § 1681b(c)(2), the information that can be provided by Experian in a prescreen report is limited to the name and address of the consumer, an identifier not unique to the consumer that is used by the consumer reporting agency's customer solely for verifying the identity of the consumer, and other information pertaining to the consumer that does not identify the

---

[2] Although the Court recognizes that this Circuit has a liberal policy favoring amendments and that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). "Leave to amend may be denied if a court determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quotations and citations omitted). In this case, Plaintiff has alleged facts that affirmatively demonstrate that Experian did not violate Section 1681b(c), and, thus, it would be impossible for Plaintiff to now allege contrary facts demonstrating that Experian violated Sections 1681b(c) and 1681e. *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296-97 (9[h] Cir. 1990) (affirming district court's dismissal of claim without leave to amend and holding that "[a]lthough leave to amend should be liberally granted, the amended complaint may only allege other facts consistent with the challenged pleading") (internal quotation omitted).

Initials of Deputy Clerk __sr__

**ER16**

relationship or experience of that consumer with respect to a particular creditor. In his Complaint, Plaintiff does not allege that Experian provided a prescreen report identifying any particular creditor or entity. Instead, Plaintiff alleges that Experian's disclosure of his total federal student loan information implied a relationship between Plaintiff and the USDE because the USDE owns all student loan debt. Complaint, ¶¶ 65-67. However, although USDE guarantees all student loan debt, a consumer does not have a direct relationship with the USDE. Instead, the borrowers relationship exists only with a loan servicer which reports information to Experian. *See, e.g., Student Loan Servicing All. v. D.C.*, 351 F.Supp. 3d 26, 39 (D.D.C. 2018) ("Student loan servicers serve as a kind of middle-man between lenders and borrowers"). Because Plaintiff did not allege that Experian disclosed his relationship with any particular servicer of his student loans, the Court concludes that Plaintiff has failed to allege a violation of Section 1681b(c)(2).

### 2. Plaintiff Failed to Allege A Willful Violation.

Furthermore, even if Plaintiff had alleged a violation of Section 1681b(c)(2), Plaintiff has failed to allege that Experian acted willfully. As the Supreme Court held in *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 69-70 (2007), a defendant does not act willfully under Section 1681n(a) unless its conduct was "objectively unreasonable" in light of "legal rules that were 'clearly established' at the time." In this case, Plaintiff does not cite any statutory language, case law, or any guidance from the Federal Trade Commission that renders Experian's reading of the FCRA "objectively unreasonable." See *Banga*, 2013 WL 5539690, at *6. To the contrary, Plaintiff has "acknowledged a lack of case law or regulatory guidance on the issue." See Joint Statement Regarding Defendant Experian Information Solutions, Inc.'s Rule 12(b)(6) Motion to Dismiss (Docket No. 24), 2:26-27. In fact, courts that have addressed prescreens in the context of student loan consolidation programs have never held that disclosing student loan information in the prescreening process runs afoul of Section 1681b(c)(2). *See McDonald v. Nelnet, Inc.*, 477 F. Supp. 2d 1010, 1014-15 (E.D. Mo. 2007); *Schwartz v. Goal Financial LLC*, 485 F. Supp. 2d 170, 177-78 (E.D. N.Y. 2007).

In addition, "[w]ithout clear authority to the contrary, Experian's procedures do not amount to a willful violation of the prescreening process." *Sheldon v. Experian Info. Sols., Inc.*, 2010 WL 3768362, at *6 (E.D. Pa. Sept. 28, 2010). Therefore, because Experian's interpretation of Section 1681b(c)(2) is "at least objectively reasonable," Plaintiff has "failed to state claim for a willful violation." *Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 878 (W.D. Tex. 2016); *see also Banga*, 2013 WL 5539690, at *7 ("Because it was not objectively unreasonable for Experian to furnish credit reports to a former creditor for 'account review' purposes, Experian did not willfully violate the FCRA by failing to maintain reasonable compliance procedures").

Accordingly, Plaintiff's Motion is granted with respect to Count II of Plaintiff's Complaint, and because amendment is futile, Count II is dismissed without leave to amend.

## IV. Conclusion

For all the foregoing reasons, Experian's Motion is **GRANTED**. Plaintiff's Complaint against Experian is **DISMISSED without leave to amend**, and the action against Experian is **DISMISSED**

Initials of Deputy Clerk __sr__

**ER17**

**with prejudice**.[3]

        IT IS SO ORDERED.

---

    [3] The only claims alleged against Experian in the Complaint were Counts I and II, and Counts I and II were not alleged against any of the other defendants.

Initials of Deputy Clerk  sr

**ER18**

Aaron D. Aftergood (239853)
   aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith*
   tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice* admission to be filed

Attorneys for Plaintiff Bryce Abbink
and the Classes

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **Bryce Abbink,** individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>**Experian Information Solutions, Inc.,** an Ohio corporation, **Lend Tech Loans, Inc.,** a California corporation, and **Unified Document Services, LLC,** a California Limited Liability Company,<br><br>                              Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

        Plaintiff Bryce Abbink ("Plaintiff" or "Abbink") brings this class action

complaint against Defendants Experian Information Solutions, Inc. ("Experian"),

Lend Tech Loans, Inc. ("Lend Tech Loans"), and Unified Document Services, LLC

**CLASS ACTION COMPLAINT**                    - 1 -

ER19

("UDS") (collectively "Defendants") to obtain redress for, and to put an end to, Defendants' serial violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA" or "Act"). Specifically, Plaintiff files the instant lawsuit to put an end to: (1) Experian's practice of providing consumer reports to persons who have no permissible purpose for obtaining them, (2) Lend Tech Loans' practice of procuring consumer reports absent any permissible purpose and then reselling those reports to persons with no permissible purpose, (3) UDS's practice of procuring consumer reports absent any permissible purpose, utilizing the reports to solicit consumers to purchase its services, and failing to provide a proper Opt-Out Notice, and (4) to obtain redress for all individuals injured by the Defendants' separate and collective conduct. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.     Enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, the FCRA explicitly protects consumers from disclosure of their personal information contained in their consumer reports. To that end, a consumer reporting agency may only provide a consumer report to persons who have a permissible purpose. Further, persons intending to procure a consumer report for any purpose must actually possess a permissible purpose for requesting and obtaining the consumer report.

2.     Defendant Experian willfully violated the FCRA by: (1) furnishing consumer reports regarding consumers' personal student loan amounts to Lend Tech Loans absent any permissible purpose, and (2) failing to conduct a reasonable inquiry into Lend Tech Loans and its supposed permissible purpose prior to disclosing consumers' information.

3.    Defendant Lend Tech Loans willfully violated the FCRA by procuring consumer reports regarding consumers nationwide absent any permissible purpose, or for the purpose of reselling their consumer reports to companies who likewise do not possess a permissible purpose.

4.    Defendant UDS willfully violated the FCRA by: (1) obtaining consumer reports regarding consumers nationwide absent any permissible purpose, (2) utilizing the consumer reports to target consumers nationwide to purchase its document preparation service, and (3) failing to provide consumers with a proper Opt-Out Notice, which would apprise consumers of the source of their debt-related information and the ability to opt-out of future solicitations.

5.    Experian is a major consumer reporting agency. Experian generates a substantial portion of its income by aggregating the data of millions of consumers worldwide and then selling that information to banks, credit card companies, and various other companies that have a permissible purpose. The process is as follows: a company may contact Experian and request that Experian provide it a list of consumers who meet a specific set of criteria. Experian, after conducting a search to ascertain whether the requester has a permissible purpose under the FCRA and concluding that such a permissible purpose indeed exists, will then provide the list, or the requested consumer reports, to the company for a fee.

6.    In this case, the Defendants worked together to deprive Plaintiff and the Classes of similarly situated individuals of their privacy rights absent any permissible purpose whatsoever.

7.    That is, Experian accepted Lend Tech Loans' blanket assertion that Lend Tech either had a permissible purpose for obtaining the consumer reports or that it, Lend Tech, would resell the consumer reports to other companies that did. A quick review of Lend Tech Loans and its business practices would have revealed that neither of these suggestions could be true. That is, Lend Tech Loans claims that it is a mortgage lender on its most recent California business filing. However, a search of

CLASS ACTION COMPLAINT                    - 3 -

1    both the National Multistate Licensing System ("NMLS") as well as the California

2    Department of Business Oversight license system reveals that Lend Tech Loans does

3    not possess any license whatsoever to engage in mortgage lending or any financial

4    service for that matter.

5          8.      Further, Lend Tech Loans supplied Experian with a nonworking

6    telephone number and its prior business address rather than the address listed on its

7    most current California business filing or any working telephone number.

8          9.      Despite all these red flags, Experian provided Plaintiff's consumer

9    report along with the consumer reports of the class members to Lend Tech Loans. In

10    doing so, Experian profited off of the sale of the information.

11          10.      Lend Tech Loans next undertook to distribute the consumer report

12    information that it obtained about Plaintiff and the class members to co-Defendant

13    UDS absent any permissible purpose.

14          11.      UDS, in turn, utilized the consumer reports to direct a solicitation

15    entitled "Student Loan Consolidation & Payment Reduction Program" to Plaintiff

16    and the class members. (*See* UDS Notice, a true and accurate copy of which is

17    attached hereto as Ex. A.)

18          12.      The UDS Notice informed consumers of their potential eligibility for

19    consolidation of their federal student loans and included the total sum of the federal

20    student loans. (*See* Ex. A.) Further, the UDS Notice informed recipients that this was

21    their "Final Notice" to consolidate their loans and is written/formatted to appear as

22    though an entity related to or affiliated with the Department of Education had sent

23    the notices. (*See Id.*) Upon reviewing the fine print, recipients are informed that the

24    UDS Notice is simply a "private, fee-based application assistance to aid consumers

25    applying for government offered programs." (*See Id.*)

26          13.      UDS's "fee-based application assistance" works as follows: The service

27    entails charging consumers a fee to assist them by completing documents and

28    applying for federal student loan programs that consumers may easily apply for

**CLASS ACTION COMPLAINT**        - 4 -

themselves for free. Notably, the Department of Education warns consumers not to fall for the deceptive practices of UDS and describes such companies as "fraudsters."[1] In short, UDS willfully violated the FCRA by procuring consumer reports absent any permissible purpose and then using the information to facilitate its questionable business practices.

14.     Further, UDS willfully violated the FCRA by failing to provide a proper opt-out notice as required by the FCRA.

15.     As a result of Defendants' willful violations of the FCRA, Plaintiff Abbink and the members of the Classes were deprived of their privacy rights guaranteed to them by federal law, and they are thus entitled to statutory damages of at least $100 and not more than $1,000 for each willful violation. *See* 15 U.S.C. § 1681n(a)(1)(A).

## PARTIES

16.     Plaintiff Abbink is a natural person and citizen of the State of Colorado. He resides in Denver, Denver County, Colorado.

17.     Defendant Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, California 92626.

18.     Defendant Lend Tech Loans, Inc. is a California corporation with its principal places of business located at 1851 E. First St., #810, Santa Ana, California 92705.

19.     Defendant Unified Document Services, LLC is a California limited liability company with its principal place of business located at 1560 Brookhollow Dr., Suite 220, Santa Ana, California 92705.

## JURISDICTION AND VENUE

---

[1] https://studentaid.ed.gov/sa/repay-loans/avoiding-loan-scams

**CLASS ACTION COMPLAINT**          - 5 -

20.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, which is a federal statute. Furthermore, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA"), because the classes each consist of over 100 people, at least one member of each class is from a State other than California (the state of the Defendants), and the amounts in controversy are over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

21.     This Court has personal jurisdiction over Defendants because they conduct substantial business in this District, are all headquartered or reside in this District, and the unlawful conduct alleged in the Complaint emanated from this District.

22.     Venue is proper in this District under 28 U.S.C. § 1391 because all Defendants reside in this District and a substantial part of the events and omissions giving rise to the claims occurred in or emanated from this District.

### FACTS COMMON TO PLAINTIFF AND ALL COUNTS

23.     Experian is a consumer reporting agency that collects and aggregates information about consumers world-wide.

24.     Lend Tech Loans is a California corporation that supposedly engages in the business of mortgage lending. On information and belief, Lend Tech Loans does not possess any financial license to engage in mortgage lending in the State of California.

25.     UDS is a California limited liability company that provides document preparation services for consumers who seek student loans debt consolidation or forgiveness. UDS is not a financial institution, bank, or lender and does not underwrite loans.[2]

---

[2] https://www.unifieddocumentservices.com/

**CLASS ACTION COMPLAINT**          - 6 -

26.     In or around January 2019, Lend Tech Loans submitted a request to Experian to obtain information contained in Abbink's consumer report.

27.     On or around January 21, 2019, Experian caused information contained in Plaintiff Abbink's consumer report to be released to Lend Tech Loans.

28.     Lend Tech Loans did not have Abbink's authorization to pull his credit report nor did Lend Tech Loans have any permissible purpose to request such information. Further, Lend Tech Loans does not offer consumers any form of credit or insurance.

29.     For its part, Experian failed to implement reasonable procedures to limit the furnishing of consumer reports for permissible purposes. That is, Experian failed to make a reasonable effort to verify the identity of Lend Tech Loans or to verify the purpose for which Lend Tech Loans intended to use the consumer report regarding Abbink.

30.     Rather, Experian accepted the supposed permissible purpose at face value and sold Plaintiff Abbink's consumer report to Lend Tech Loans without performing any adequate investigation.

31.     Shortly thereafter, on information and belief, Lend Tech Loans sold, or otherwise transmitted, Plaintiff Abbink's consumer report information to UDS.

32.     On or around January 25, 2019, UDS mailed Plaintiff Abbink a letter soliciting him to purchase its "fee-based application assistance" service. For a substantial fee, UDS offered to complete documents on behalf of consumers to consolidate their student loans. The services that UDS attempted to solicit Plaintiff to purchase are easily completed online for free via the Department of Education. Unsurprisingly, the Department of Education warns consumers not to fall for the deceptive practices of companies, such as UDS, and describes such outfits as "fraudsters who are after your money."[3]

---

[3] https://studentaid.ed.gov/sa/repay-loans/avoiding-loan-scams

**CLASS ACTION COMPLAINT**                    - 7 -

33.     UDS had no permissible purpose for obtaining, possessing, or using Plaintiff's consumer report.

34.     Because of the failure to provide any possible permissible purpose, Plaintiff brings this suit, on behalf of himself and those similarly situated, to put an end to Defendants' repeated and widespread FCRA violations. Such violations entitle him, and other similarly situated persons, to statutory damages of not less than $100 and not more than $1,000 per violation.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure Rule 23(b)(3) on behalf of himself and three nationwide Classes defined as follows:

> **Experian Class:** All persons in the United States (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Experian Class; (2) about whom Experian provided a consumer report; (3) to Lend Tech Loans; (4) where the purported permissible purpose for obtaining the consumer report was the same as the purported permissible purpose that was claimed to obtain Plaintiff's consumer report.

> **Lend Tech Loans Class:** All persons in the United States (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Lend Tech Loans Class; (2) about whom Lend Tech Loans obtained a consumer report; (3) where the purported permissible purpose for obtaining the consumer report was the same as the purported permissible purpose that was claimed to obtain Plaintiff's consumer report.

> **UDS Class:** All persons in the United States who (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the UDS Class; (2) received a letter from UDS substantially similar to Ex. A; (3) about whom UDS obtained a consumer report; and (4) where the purported permissible purpose for obtaining and using the consumer report was the same as the purported permissible purpose that was claimed to obtain Plaintiff's consumer report.

36.     Excluded from the Classes are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants

**CLASS ACTION COMPLAINT**                     - 8 -

1 or their parents have a controlling interest, and those entities' officers and directors,

2 (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or

3 Magistrate Judge's immediate family, (3) persons who execute and file a timely

4 request for exclusion, (4) persons who have had their claims in this matter finally

5 adjudicated and/or otherwise released, and (5) the legal representatives, successors,

6 and assigns of any such excluded person. Plaintiff anticipates the need to amend the

7 Complaint following a reasonable period for class discovery.

8      37.    **Numerosity:** The exact numbers of the members of the Classes are

9 unknown to Plaintiff at this time, but it is clear that individual joinder is

10 impracticable. On information and belief, Defendants have procured consumer

11 reports regarding thousands of individuals. Further, the class members can readily be

12 ascertained through Defendants' records.

13      38.    **Commonality:** Common questions of law and fact exist as to all

14 members of the Classes for which this proceeding will provide common answers in a

15 single stroke based upon common evidence, including:

16      (a)    Whether Experian's conduct described herein violated the FCRA;

17      (b)    Whether Lend Tech Loans' conduct described herein violated the

18             FCRA;

19      (c)    Whether UDS's conduct described herein violated the FCRA;

20      (d)    Whether Lend Tech Loans possessed any permissible purpose to obtain

21             Plaintiff's and the Class Members' consumer reports;

22      (e)    Whether UDS possessed any permissible purpose to obtain and use

23             Plaintiff's and the Class Members' consumer reports;

24      (f)    Whether Experian conducted a reasonable inquiry into the identity of

25             Lend Tech Loans or its purported permissible purpose; and

26      (e)    Whether Defendants have acted willfully.

27      39.    **Typicality:** As a result of Defendants' uniform and repeated pattern of

28 providing, procuring, and using consumer reports absent any permissible purpose,

**CLASS ACTION COMPLAINT**          - 9 -

Plaintiff and the Class Members suffered the same injury and similar damages. If Defendants' actions violated the FCRA as to Plaintiff, then they violated the FCRA as to all Class Members. Thus, Plaintiff's claims are typical of the claims of the other Class Members.

40. **Adequate Representation:** Plaintiff is a member of the Classes and both he and his counsel will fairly and adequately represent and protect the interests of the Classes, as neither has interests adverse to those of the Class Members and Defendants have no defenses unique to Plaintiff. In addition, Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Further, Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and they have the financial resources to do so.

41. **Predominance:** The common questions of law and fact set forth above go to the very heart of the controversy and predominate over any supposed individualized questions. Irrespective of any given Class Member's situation, the answer to whether Defendants' conduct described herein repeatedly violated the FCRA is the same for everyone—a resounding "yes"—and the same will be proven using common evidence.

42. **Superiority and Manageability:** A class action is superior to all other methods of adjudicating the controversy. Joinder of all class members is impractical, and the damages suffered by/available to the individual Class Members will likely be small relative to the cost associated with prosecuting an action. Thus, the expense of litigating an individual action will likely prohibit the Class Members from obtaining effective relief for Defendants' misconduct. In addition, there are numerous common factual and legal questions that could result in inconsistent verdicts should there be several successive trials. In contrast, a class action will present far fewer management difficulties, as it will increase efficiency and decrease expense. Further, class-wide adjudication will also ensure a uniform decision for the Class Members.

ER28

43.    Plaintiff reserves the right to revise the definition of the Classes as necessary based upon information obtained in discovery.

<u>**COUNT I**</u>
**Violation of 15 U.S.C. § 1681b, *et seq.* & § 1681e, *et seq.***
**(On Behalf of Plaintiff and the Experian Class)**

44.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

45.    The FCRA declares that when furnishing consumer reports that are not initiated by a consumer:

> A consumer reporting agency may furnish a consumer report relating to any consumer pursuant to subparagraph (A) or (C) or subsection (a)(3) in connection with any credit or insurance transaction that is *not initiated by the consumer only if*—
>
> (A)  the consumer authorizes the agency to provide such report to such person; or
>
> (B)  (i) the transaction consists of a firm offer of credit or insurance;
>
>       (ii) the consumer reporting agency has complied with subsection (e). . . .

15 U.S.C. § 1681b(c)(1)(A)-(B) (emphasis added).

46.    Subsection (e) of the FCRA requires:

> Every consumer reporting agency shall maintain reasonable procedures designed . . . to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. *Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report.* No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the

**CLASS ACTION COMPLAINT**              - 11 -

consumer report will not be used for a purpose listed in section 1681b of this title.

15 U.S.C. § 1681e(a) (emphasis added).

47. Plaintiff never authorized Experian to provide his consumer report to Lend Tech Loans for any reason.

48. On information and belief, Experian furnished Plaintiff's consumer report to Lend Tech Loans based on Lend Tech Loans representation that it intended to use Plaintiff's consumer report for the purpose of a firm offer of credit or insurance.

49. At no point did Lend Tech Loans possess any permissible purpose to obtain Plaintiff's consumer report or any information contained therein.

50. Plaintiff does not have any relationship with Lend Tech Loans, has never conducted any business with Lend Tech Loans, and has never provided any authorization to Lend Tech Loans to obtain his consumer report.

51. Thus, Experian violated §1681b(c)(1) by providing Plaintiff Abbink's consumer report to Lend Tech Loans absent any permissible purpose.

52. Likewise, Experian violated § 1681e(a) by failing to implement reasonable procedures to limit the furnishing of consumer reports for a permissible purpose. Moreover, Experian violated § 1681e(a) by failing to make a reasonable effort to verify the identity of Lend Tech Loans and the supposed permissible purpose for which the information was being sought.

53. Lend Tech Loans, while representing that it is a mortgage lender, does not possess any license to conduct any financial services. The National Multistate Licensing System ("NMLS") and the California Department of Business Oversight license system are publically available for any person to search. A quick review of both systems reveals that Lend Tech Loans does not possess any license to conduct any financial services or mortgage lending or originating in the State of California.

54. Further, Lend Tech Loans does not engage in insurance underwriting.

CLASS ACTION COMPLAINT — 12 —

55. Additionally, Lend Tech Loans provided inaccurate information to Experian, which Experian then published on Plaintiff's and the class members' consumer reports. That is, Lend Tech Loans provided a nonworking telephone number and a business address that does not match the current address on its California business filing.

56. Had Experian conducted a reasonable search to ascertain both the identity of Lend Tech Loans or its purported permissible purpose, it would have been aware of the litany of red flags.

57. Instead, Experian accepted Lend Tech Loans' supposed permissible purpose at face value.

58. Moreover, on information and belief, Experian has accepted Lend Tech Loans' requests for class members student loan information on multiple occasions.

59. Experian's violation of 15 U.S.C. § 1681b(c)(1) was willful for at least the following reasons:

      (i)     The rule that consumer reports may only be obtained for a permissible purpose has been the law established for well over a decade;

      (ii)    The rule that consumer reporting agencies must maintain procedures to limit the furnishing of consumer reports to only the purposes listed under Section 1681b of this title has also been the law for well over a decade;

      (iii)   Experian is a large corporation who regularly engages inside and outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others;

      (iv)   Experian regularly engages in providing consumer reports to businesses, such as Lend Tech Loans, for the purpose of

**CLASS ACTION COMPLAINT**       - 13 -

1   marketing their products goods and services. Accordingly,
2   Experian's failure to implement reasonable procedures had a
3   wide spread effect; and

4   (v)   Experian profited off the sale of Plaintiff's and the class
5   members' personal student loan information contained in
6   consumer reports on a repeated basis.

7   60.   Plaintiff and the Experian Class are entitled to statutory damages of not
8   less than $100 and not more than $1,000 for each of Experian's willful violations
9   pursuant to 15 U.S.C. § 1681n(a)(1)(A).

10   61.   Accordingly, under the FCRA, Plaintiff and the Experian Class seek
11   statutory damages, reasonable cost and attorneys' fees, and such other relief as the
12   Court deems necessary, reasonable, and just.

13                          **<u>COUNT II</u>**
14   **Violation of 15 U.S.C. § 1681b(c), *et seq.***
     **(On Behalf of Plaintiff and the Experian Class)**

15   62.   Plaintiff incorporates by reference the foregoing allegations as if fully
16   set forth herein.

17   63.   The FCRA limits what information can be provided when furnishing
18   consumer reports that are not initiated by a consumer stating:

19   (2) Limits on information received under paragraph (1)(B)

20   A person may receive pursuant to paragraph (1)(B) only—

21         (A) the name and address of a consumer;

22         (B) an identifier that is not unique to the consumer and
23         that is used by the person solely for the purpose of
         verifying the identity of the consumer; and

24
25         (C) *other information pertaining to a consumer that does
         not identify the relationship or experience of the
26         consumer with respect to a particular creditor or other
         entity.*

27
28   15 U.S.C. § 1681b(c)(2) (emphasis added).

**CLASS ACTION COMPLAINT**                  - 14 -

64.     On or around January 21, 2019, Experian provided Plaintiff's and the Class Members' consumer reports to Lend Tech Loans.

65.     On information and belief, Experian provided the total sum of federal student loan debt that Plaintiff and each Class Member possesses.

66.     The total sum of federal student loan debt directly identifies the relationship or experience of Plaintiff and the Class Members to a particular creditor or other entity. That is, federal student loan debt is owned/held by one creditor or entity, the U.S. Department of Education. Further, the federal student loans are provided for only one purpose, education expenses.

67.     Therefore, Experian provided Lend Tech Loans with information that relates to Plaintiff's and the Class Members' relationship or experience with the U.S. Department of Education, a specific creditor or entity, in violation of Section 1681b(c)(2)(C).

68.     These violations were willful in that Experian knew or should have known its interpretation or evaluation/implementation of the law ran a risk of noncompliance that was greater than simply a negligent reading.

69.     Plaintiff and the Experian Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Experian's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

70.     Accordingly, under the FCRA, Plaintiff and the Experian Class seek statutory damages, reasonable cost and attorneys' fees, and such other relief as the Court deems necessary, reasonable, and just.

<u>**COUNT III**</u>
**Violation of 15 U.S.C. § 1681b, *et seq.* & § 1681e, *et seq.***
**(On Behalf of Plaintiff and the Lend Tech Loans Class)**

71.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

72.     The FCRA provides that:

**CLASS ACTION COMPLAINT**                              - 15 -

A person shall not use or obtain a consumer report for any purpose unless--

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. 1681b(f).

73.     The FCRA further provides:

(1) Disclosure.--A person may not procure a consumer report for purposes of reselling the report (or any information in the report) unless the person discloses to the consumer reporting agency that originally furnishes the report--

    (A) the identity of the end-user of the report (or information); and

    (B) each permissible purpose under section 1681b of this title for which the report is furnished to the end-user of the report (or information).

(2) Responsibilities of procurers for resale.--A person who procures a consumer report for purposes of reselling the report (or any information in the report) shall--

    (A) establish and comply with reasonable procedures designed to ensure that the report (or information) is resold by the person only for a purpose for which the report may be furnished under section 1681b of this title, including by requiring that each person to which the report (or information) is resold and that resells or provides the report (or information) to any other person--

    (i) identifies each end user of the resold report (or information);

**CLASS ACTION COMPLAINT**                - 16 -

ER34

(ii) certifies each purpose for which the report (or information) will be used; and

(iii) certifies that the report (or information) will be used for no other purpose; and

(B) before reselling the report, make reasonable efforts to verify the identifications and certifications made under subparagraph (A).

15 U.S.C. 1681e(e).

74.     On or around January 21, 2019, Lend Tech Loans procured a consumer report regarding Plaintiff.

75.     In violation of Section 1681b(f), Lend Tech Loans did not possess any permissible purpose to obtain a consumer report regarding Plaintiff or any of the similarly situated class members.

76.     Further, to the extent that Lend Tech Loans procured the consumer reports for the express purpose of resale, it violated Section 1681e(e) by failing to: (1) implement reasonable procedures to ensure that consumer reports are only sold or conveyed for a permissible purpose; (2) identify the end user(s) of the resold report; and (3) conduct a reasonable search to ensure that the end user(s) of the reports had a permissible purpose.

77.     Here, Lend Tech Loans conveyed Plaintiff's and the class members' consumer reports to UDS absent any permissible purpose.

78.     UDS is a document preparation company, which purports to assist consumers with student loan consolidation.

79.     UDS, by its own admission, is not a financial institution, bank or lender and does not underwrite loans.

80.     In short, had Lend Tech Loans conducted a reasonable search to ascertain UDS's purported purpose, it would have been clear that UDS possessed no permissible purpose to obtain Plaintiff's or any other class members' consumer reports.

**CLASS ACTION COMPLAINT**                    - 17 -

81. Lend Tech Loans's violations of 15 U.S.C. § 1681b(f) & § 1681e(e) were willful for at least the following reasons:

    (i)    The rule that consumer reports may only be obtained for a permissible purpose has been the law established for well over a decade;

    (ii)    Lend Tech Loans is a company that repeatedly engages in the act of procuring consumer reports regarding consumers' student loan debt absent any permissible purpose;

    (iii)    Lend Tech Loans is a corporation that regularly engages counsel—therefore, it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others;

    (iv)    The rule that persons engaged in the resale of consumer reports maintain procedures to limit the furnishing of consumer reports to only the purposes listed under Section 1681b of this title has also been the law for well over a decade; and

    (v)    Lend Tech Loans profited off the sale of Plaintiff's and the class members' personal student loan information on a repeated basis.

82. Plaintiff and the Lend Tech Loans Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Lend Tech Loans' willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

83. Accordingly, under the FCRA, Plaintiff and the Lend Tech Loans Class seek statutory damages, reasonable cost and attorneys' fees, and such other relief as the Court deems necessary, reasonable, and just.

## COUNT IV
### Violation of 15 U.S.C. § 1681b, *et seq.*
### (On Behalf of Plaintiff and the UDS Class)

84.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

85.     The FCRA provides that:

A person shall not use or obtain a consumer report for any purpose unless--

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. 1681b(f).

86.     Plaintiff does not have any relationship with UDS, has never conducted any business with UDS, and has never provided any authorization to UDS to obtain his consumer report.

87.     Regardless, UDS obtained and used Plaintiff's and the class members' consumer reports absent any permissible purpose.

88.     UDS admits, via the fine print on its own website, that it is not a financial institution, bank or lender and does not underwrite loans.[4] Instead, UDS provides document preparation services for consumers who wish to refinance their student loans.

89.     UDS's document preparation service entails charging consumers a substantial fee to complete debt consolidation or forgiveness forms that are free and available via the U.S. Department of Education. Consumers can easily complete the student loan consolidation and forgiveness forms on their own (or with the assistance of the Dept. of Education or their loan servicer). Accordingly, the U.S. Department of Education warns student loan borrowers about companies, such as UDS, that do not provide any meaningful benefit to borrowers.

---

[4] https://www.unifieddocumentservices.com/

**CLASS ACTION COMPLAINT**                    - 19 -

ER37

90.     To effectuate its questionable business practices, UDS obtained
Plaintiff's and the class members' consumer reports from Lend Tech Loans absent
any permissible purpose.

91.     UDS then utilized the consumer reports to solicit Plaintiff and the class
members' to purchase its document preparation services.

92.     UDS sent the notice styled "Student Loan Consolidation & Payment
Reduction Program" to Plaintiff. (UDS Notice, Ex. A.)

93.     The UDS Notices were filled with a litany of misleading information.
That is, the UDS Notice informed Plaintiff that this was his "Final Notice" to
consolidate his student loans. (*See* UDS Notice, Ex. A.) The UDS Notice stated that
there were "New Laws Discounting Federal Student Loans." (*See Id.*) Further, the
notice attempted to persuade consumers to create a Federal Student Aid ID and
provide it for UDS with their application. (*See Id.*)

94.     In short, UDS obtained and used Plaintiff's and the class members'
consumer reports absent any permissible purpose in violation of Section 1681b(f).

95.     UDS's violation of 15 U.S.C. § 1681b(f) was willful for at least the
following reasons:

   (i)     The rule that consumer reports may only be obtained for a
            permissible purpose has been the law established for well over a
            decade;

   (ii)    UDS is a company that repeatedly engages in the act of procuring
            consumer reports regarding consumers' student loan debt absent
            any permissible purpose;

   (iii)   UDS regularly engages in the act of utilizing consumer reports to
            solicit consumers to purchase its document preparation service—
            not a permissible purpose under the FCRA;

   (iv)    UDS regularly engages counsel—therefore, it had ample means
            and opportunity to seek legal advice regarding its FCRA

1  responsibilities. As such, any violations were made in conscious
2  disregard of the rights of others; and
3  (v) UDS profited off the use of Plaintiff's and the class members'
4  consumer reports on a repeated basis.
5  96. Plaintiff and the UDS Class are entitled to statutory damages of not less
6  than $100 and not more than $1,000 for each of UDS's willful violations pursuant to
7  15 U.S.C. § 1681n(a)(1)(A).
8  97. Accordingly, under the FCRA, Plaintiff and the UDS Class seek
9  statutory damages, reasonable cost and attorneys' fees, and such other relief as the
10 Court deems necessary, reasonable, and just.
11 **COUNT V**
   **Violation of 15 U.S.C. § 1681m, *et seq.***
12 **(On Behalf of Plaintiff and the UDS Class)**
13 98. Plaintiff incorporates by reference the foregoing allegations as if fully
14 set forth herein.
15 99. The FCRA requires:
16
17 (1) Any person who uses a consumer report on any consumer in
18 connection with any credit or insurance transaction that is not initiated
   by the consumer, that is provided to that person under section
19 1681b(c)(1)(B) of this title, shall provide with each written solicitation
   made to the consumer regarding the transaction a clear and
20 conspicuous statement that—
21
22 (A) information contained in the consumer's consumer
   report was used in connection with the transaction;
23
24 (B) the consumer received the offer of credit or insurance
   because the consumer satisfied the criteria for credit
25 worthiness or insurability under which the consumer was
   selected for the offer;
26
27 (C) if applicable, the credit or insurance may not be
   extended if, after the consumer responds to the offer, the
28 consumer does not meet the criteria used to select the

**CLASS ACTION COMPLAINT**          - 21 -

**ER39**

consumer for the offer or any applicable criteria bearing on credit worthiness or insurability or does not furnish any required collateral;

(D) the consumer has a right to prohibit information contained in the consumer's file with any consumer reporting agency from being used in connection with any credit or insurance transaction that is not initiated by the consumer; and

(E) the consumer may exercise the right referred to in subparagraph (D) by notifying a notification system established under section 1681b(e) of this title.

(2) Disclosure of address and telephone number; format

A statement under paragraph (1) shall—

(A) include the address and toll-free telephone number of the appropriate notification system established under section 1681b(e) of this title; and

(B) be presented in such format and in such type size and manner as to be simple and easy to understand, as established by the Bureau, by rule, in consultation with the Federal Trade Commission, the Federal banking agencies, and the National Credit Union Administration.

15 U.S.C. § 1681m(d).

100. This requirement is commonly referred to as an "Opt-Out Notice."

101. On information and belief, UDS obtained Plaintiff Abbink's consumer report for the purported purpose of utilizing the report in connection of a credit transaction.

102. On or around January 25, 2019, UDS sent a document entitled Student Loan Consolidation & Payment Reduction Program Prepared For: Bryce Abbink. (*See* UDS Notice, Ex. A.)

**CLASS ACTION COMPLAINT**                    - 22 -

103. The UDS Notice attempted to solicit Plaintiff to purchase UDS's services.

104. The UDS Notice did not provide any form of Opt-Out Notice. (*See* UDS Notice, Ex. A.)

105. Moreover, the UDS Notice did not inform Plaintiff or individuals similarly situated that they received the solicitation as a result of UDS obtaining their consumer report.

106. In short, UDS's failure to provide a proper Opt-Out Notice violates Section 1681m(d), and its failure to do so was willful for at least the following reasons:

    a.  The rule that persons who utilize consumer reports in connection with credit transactions not initiated by the consumer has been settled law for well over a decade.

    b.  The Consumer Financial Protection Bureau has promulgated regulations and form notices that have been publically available since 2011. (*See* 12 C.F.R. § 1022.54; *see also* 12 C.F.R. Pt. 1022, App. C.) This readily-available guidance means UDS either was aware of its responsibilities or should have been aware of its responsibilities but ignored them and violated the FCRA anyway.

    c.  UDS is a company that regularly and repeatedly obtains consumer reports for targeted marketing purposes. UDS has had ample opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others.

107. Plaintiff and the UDS Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of UDS's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

108.   Accordingly, under the FCRA, Plaintiff and the UDS Class seek statutory damages and reasonable cost and attorneys' fees and such other relief as the Court deems necessary and just.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bryce Abbink, individually and on behalf of the Classes, respectfully requests that this Court issue an order:

A.   Certifying this case as a class action on behalf of the Classes defined above, appointing Bryce Abbink as class representative and appointing his counsel as class counsel;

B.   Finding that Defendants' actions constitute repeated and willful violations of the FCRA;

C.   Awarding damages, including statutory and treble damages where applicable, to Plaintiff and the Classes in amounts to be determined at trial;

D.   Awarding Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;

E.   Awarding Plaintiff and the Classes pre- and post- judgment interest, to the extent allowable;

F.   Such further and other relief as the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.


Respectfully submitted,

Dated: June 21, 2019                    **Bryce Abbink**, individually and on behalf of all others similarly situated,


By:    _s/ Aaron D. Aftergood_
One of Plaintiff's Attorneys


**CLASS ACTION COMPLAINT**                        - 24 -

Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
The Aftergood Law Firm
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CLASS ACTION COMPLAINT**

- 25 -

# EXHIBIT A

**BENEFIT ID: UD14346602**

Address Change?  Please contact our
Customer Service Department

# Final Notice

Contact: **855-465-6870**

Assigned Department:
Student Loan Department

ılıılıılıılıIIIIIılıılıldlılldldlılıIflIlllIIlIılyıııılıl        73

Bryce Abbink
1164 S. Acoma St. Unit 323
Denver, CO 80210-1646

**NOTICE DATE:** January 25th, 2019

## Student Loan Consolidation & Payment Reduction Program Prepared For:

### Bryce Abbink

*NEW LAWS DISCOUNTING FEDERAL STUDENT LOANS*

Dear Bryce,

Our records indicate that your federal student loans of approximately **$78,500** may be eligible for a consolidation with the U.S. Department of Education. As a federal student loan holder, you may be eligible to convert your existing high-interest loan into a federally-backed consolidation program with a lower rate*. Your loans may even be eligible for total loan forgiveness.

Benefits of the Consolidation Program may include:

- **No credit check**
- **Interest rate reduction regardless of balance or pay history**
- **Lower monthly payments based on income and family size**
- **Loan forgiveness**

No other calls or notices will be sent to you in regards to this offer.
**Due to a high call volume, we ask that you complete the process below prior to calling.**

Please create your Federal Student Aid ID and call **855-465-6870** by February 25th, 2019 or before your next payment is due. If unsure on how to create your Federal Student Aid ID, please see below or contact us for assistance.

**CREATING YOUR FSA ID IS QUICK AND SIMPLE!**
Step 1 – Visit https://nslds.ed.gov/nslds/nslds_SA/
Step 2 – Click 'Financial Aid Review'
Step 3 – Click 'Accept'
Step 4 – Click 'Create an FSA ID'

**IMPORTANT:** This is a government website which Unified Document Services does not own. FSA ID creation is a government program which Unified Document Services did not create.

Unified Document Services
1-855-465-6870
Monday – Friday 7:00am – 6:00pm PST & Saturday 9:00am - 2:00pm PST

 **CALL TOLL-FREE TODAY TO BEGIN THE PROCESS OF REDEEMING YOUR FEDERAL BENEFITS: 855-465-6870     REFERENCE BENEFIT ID: UD14346602**

UDS is not affiliated with the government or any of its programs. We offer private, fee-based application assistance to aid consumers in applying for government offered programs. While such programs may be available for free directly by various government agencies, our services are fee-based and focus on application and document preparation. We do not charge fees for access to such programs, only to prepare and counsel application to these programs. Services may be fulfilled by a third party processing agency.

*The Department of Education may offer an interest rate reduction with set-up of automatic payments.

000031832

**ER45**

ACCO,(PJWx),APPEAL,CLOSED,DISCOVERY,MANADR,PROTORD
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA (Southern Division – Santa Ana)**
**CIVIL DOCKET FOR CASE #: 8:19–cv–01257–JFW–PJW**

Bryce Abbink v. Experian Infomation Solutions Inc et al
Assigned to: Judge John F. Walter
Referred to: Magistrate Judge Patrick J. Walsh
 Case in other court:  9th CCA, 20–55253
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 06/21/2019
Date Terminated: 02/06/2020
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**Bryce Abbink**
*individually and on behalf of all others*
*similarly situated*

represented by **Taylor T Smith**
Woodrow and Peluso LLC
3900 East Mexico Avenue Suite 300
Denver, CO 80210
720–213–0675
Fax: 303–927–0809
Email: tsmith@woodrowpeluso.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aaron D Aftergood**
The Aftergood Law Firm
1880 Century Park East Suite 200
Los Angeles, CA 90067
310–551–5221
Fax: 310–496–2840
Email: aaron@aftergoodesq.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Experian Infomation Solutions Inc**
*an Ohio corporation*
*TERMINATED: 09/20/2019*

represented by **Jack Williams , IV**
Jones Day
3161 Michelson Drive Suite 800
Irvine, CA 92612
949–553–7538
Fax: 949–553–7539
Email: jackwilliams@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Douglas Ball**
Jones Day
3161 Michelson Drive Suite 800
Irvine, CA 92612
949–851–3939
Fax: 949–553–7539
Email: rball@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Andrew Potesta**
Jones Day
3161 Michelson Drive Suite 800
Irvine, CA 92612
949–851–3939
Fax: 949–553–7539
Email: jpotesta@jonesday.com
*ATTORNEY TO BE NOTICED*

**Richard Joseph Grabowski**
Jones Day
3161 Michelson Drive Suite 800
Irvine, CA 92612–4408
949–851–3939
Fax: 949–553–7539
Email: rgrabowski@jonesday.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lend Tech Loans, Inc.**
*a California corporation*

**Defendant**

**Unified Document Services, LLC**
*a California Limited Liability Company*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/21/2019 | 1 | COMPLAINT Receipt No: 0973–23963223 – Fee: $400, filed by Plaintiff Bryce Abbink. (Attorney Aaron D Aftergood added to party Bryce Abbink(pty:pla))(Aftergood, Aaron) (Entered: 06/21/2019) |
| 06/21/2019 | 2 | [Request for Clerk to Issue Summons on Complaint] filed as Request for Clerk to Issue Subpoena filed by Plaintiff Bryce Abbink. (Aftergood, Aaron) Modified on 6/21/2019 (car). (Entered: 06/21/2019) |
| 06/21/2019 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Bryce Abbink. (Aftergood, Aaron) (Entered: 06/21/2019) |
| 06/21/2019 | 4 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Bryce Abbink. (Aftergood, Aaron) (Entered: 06/21/2019) |
| 06/21/2019 | 5 | CIVIL COVER SHEET filed by Plaintiff Bryce Abbink. (Aftergood, Aaron) (Entered: 06/21/2019) |
| 06/21/2019 | 6 | NOTICE of Interested Parties filed by Plaintiff Bryce Abbink, identifying Woodrow & Peluso, LLC; Aaron D. Aftergood. (Aftergood, Aaron) (Entered: 06/21/2019) |
| 06/21/2019 | 7 | APPLICATION of Non–Resident Attorney Taylor T. Smith to Appear Pro Hac Vice on behalf of Plaintiff Bryce Abbink (Pro Hac Vice Fee – $400 Fee Paid, Receipt No. 0973–23963352) filed by Plaintiff Bryce Abbink. (Aftergood, Aaron) (Entered: 06/21/2019) |
| 06/21/2019 | 8 | NOTICE RE INTRA–DISTRICT TRANSFER by Clerk of Court due to incorrect intra–district venue selected by the filer. Case is transferred to the Southern Division. Case has been assigned to Judge John F. Walter for all further proceedings. Any matters that may be referred to a Magistrate Judge are assigned to Patrick J. Walsh. New Case Number 8:19–cv–01257–JFW–PJWx. (car) (Entered: 06/21/2019) |
| 06/21/2019 | 9 | NOTICE OF ASSIGNMENT to District Judge John F. Walter and Magistrate Judge Patrick J. Walsh. (car) (Entered: 06/21/2019) |
| 06/21/2019 | 10 | NOTICE TO PARTIES OF COURT–DIRECTED ADR PROGRAM filed. (car) (Entered: 06/21/2019) |
| 06/21/2019 | 11 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Experian Infomation Solutions Inc. (car) (Entered: 06/21/2019) |
| 06/21/2019 | 12 | NOTICE OF DEFICIENCIES in Attorney Case Opening RE: Subpoena Request (AO 88) 2 . The following error(s) was found: Request for Clerk to Issue Summons was e–filed under the wrong event. The clerk has modified the docket entry to reflect the true event of Request for Clerk to Issue Summons on Complaint. No further action is required unless the Court so directs. (car) (Entered: 06/21/2019) |

| 06/21/2019 | 13 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Lend Tech Loans, Inc. (car) (Entered: 06/21/2019) |
|---|---|---|
| 06/21/2019 | 14 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Unified Document Services, LLC. (car) (Entered: 06/21/2019) |
| 06/24/2019 | 15 | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non–Resident Attorney Taylor T. Smith to Appear Pro Hac Vice on behalf of Plaintiff Bryce Abbink (Pro Hac Vice Fee – $400 Fee Paid, Receipt No. 0973–23963352) 7 . The following error(s) was/were found: Local Rule 83–2.1.3.3(b) Proposed order not attached. (lt) (Entered: 06/24/2019) |
| 06/25/2019 | 16 | STANDING ORDER by Judge John F. Walter. READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. This action has been assigned to the calendar of Judge John F. Walter. (iv) (Entered: 06/26/2019) |
| 07/16/2019 | 17 | STIPULATION Extending Time to Answer the complaint as to Experian Infomation Solutions Inc answer now due 8/22/2019, re Complaint (Attorney Civil Case Opening) 1 filed by Defendant Experian Infomation Solutions Inc. (Attachments: # 1 Declaration of Jack Williams IV, # 2 Proposed Order)(Attorney Jack Williams, IV added to party Experian Infomation Solutions Inc(pty:dft))(Williams, Jack) (Entered: 07/16/2019) |
| 07/16/2019 | 18 | CERTIFICATE OF SERVICE filed by Defendant Experian Infomation Solutions Inc, re Stipulation Extending Time to Answer (30 days or less), 17 served on 7/16/19. (Williams, Jack) (Entered: 07/16/2019) |
| 07/17/2019 | 19 | DENIED ORDER by Judge John F. Walter. NO SHOWING OF GOOD CAUSE re 17 . (sbou) (Entered: 07/17/2019) |
| 07/17/2019 | 20 | ORDER by Judge John F. Walter: granting 7 Non–Resident Attorney Taylor T. Smith APPLICATION to Appear Pro Hac Vice on behalf of Plaintiff, Bryce Abbink, designating Aaron D. Aftergood as local counsel. (sbou) (Entered: 07/17/2019) |
| 07/18/2019 | 21 | PROOF OF SERVICE Executed by Plaintiff Bryce Abbink, upon Defendant Experian Infomation Solutions Inc served on 7/2/2019, answer due 8/22/2019. Service of the Summons and Complaint were executed upon CT Corporation System, Registered Agent in compliance with Federal Rules of Civil Procedure by service on a domestic corporation, unincorporated association, or public entity.Original Summons returned. (Smith, Taylor) (Entered: 07/18/2019) |
| 07/18/2019 | 22 | DECLARATION of Taylor T. Smith *Plaintiff's Lead Trial Counsel re: Compliance with Local Rules Governing Electronic Filing* filed by Plaintiff Bryce Abbink. (Smith, Taylor) (Entered: 07/18/2019) |
| 07/25/2019 | 23 | DECLARATION of Ryan D. Ball *Lead Trial Counsel Re: Compliance With Local Rules Governing Electronic Filing* filed by Defendant Experian Infomation Solutions Inc. (Ball, Ryan) (Entered: 07/25/2019) |
| 07/30/2019 | 24 | STATEMENT *JOINT STATEMENT REGARDING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RULE 12(B)(6) MOTION TO DISMISS* (Ball, Ryan) (Entered: 07/30/2019) |
| 08/14/2019 | 25 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendant Experian Infomation Solutions Inc. Motion set for hearing on 9/16/2019 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Memorandum In Support of Its Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), # 2 Request for Judicial Notice, # 3 Exhibit 1 to Request for Judicial Notice, # 4 Exhibit 2 to Request for Judicial Notice, # 5 Proposed Order) (Attorney Ryan Douglas Ball added to party Experian Infomation Solutions Inc(pty:dft)) (Ball, Ryan) (Entered: 08/14/2019) |
| 08/15/2019 | 26 | MINUTE ORDER IN CHAMBERS by Judge John F. Walter: Counsel are hereby notified that a Scheduling Conference has been set for October 7, 2019 at 1:15 p.m. before Judge John F. Walter in Courtroom 7A, 350 W. 1st St, Los Angeles, CA 90012. Lead Trial Counsel shall attend all proceedings before this Court, including the Scheduling Conference. Counsel are directed to comply with Rule 26 of the Federal |

| | | |
|---|---|---|
| | | Rules of Civil Procedure and Local Rule 26–1 in a timely fashion and to file a Joint Report, on or before September 23, 2019. (iv) (Entered: 08/15/2019) |
| 08/15/2019 | 27 | STIPULATION for Protective Order filed by Defendant Experian Infomation Solutions Inc.(Ball, Ryan) (Entered: 08/15/2019) |
| 08/15/2019 | 28 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Motion to Dismiss Case 25 . The following error(s) was/were found: Local Rule 7.1–1 No Notice of Interested Parties and/or no copies. Counsel must comply with L.R.7–1. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. (iv) (Entered: 08/15/2019) |
| 08/15/2019 | 29 | NOTICE of Interested Parties filed by Defendant Experian Infomation Solutions Inc, identifying Experian plc, Central Source LLC; Online Data Exchange LLC; New Management Services LLC; VantageScore Solutions LLC;Opt–Out Services LLC. (Ball, Ryan) (Entered: 08/15/2019) |
| 08/16/2019 | 30 | STIPULATED PROTECTIVE ORDER by Magistrate Judge Patrick J. Walsh. 27 (ch) (Entered: 08/16/2019) |
| 08/19/2019 | 31 | NOTICE OF MOTION AND MOTION for Order for Alternative Service upon Lend Tech Loans, Inc. filed by Plaintiff Bryce Abbink. Motion set for hearing on 9/16/2019 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Exhibit A – Lend Tech's Statement of Information, # 2 Exhibit B – Affidavits of Reasonable Diligence, # 3 Proposed Order) (Smith, Taylor) (Entered: 08/19/2019) |
| 08/19/2019 | 32 | NOTICE OF MOTION AND MOTION for Order for Alternative Service upon Unified Document Services, LLC filed by Plaintiff Bryce Abbink. Motion set for hearing on 9/16/2019 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Exhibit A – UDS Statement of Information, # 2 Exhibit B – Affidavits of Reasonable Diligence, # 3 Proposed Order) (Smith, Taylor) (Entered: 08/19/2019) |
| 08/23/2019 | 33 | Joint STIPULATION to Continue Hearing Re: Defendant Experian Information Solutions, Inc.'s Motion to Dismiss from 09/16/2019 to 09/23/2019 Re: NOTICE OF MOTION AND MOTION to Dismiss Case 25 filed by Plaintiff Bryce Abbink. (Attachments: # 1 Declaration of Taylor T. Smith, # 2 Proposed Order)(Smith, Taylor) (Entered: 08/23/2019) |
| 08/26/2019 | 34 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to Dismiss Case 25 filed by Plaintiff Bryce Abbink. (Smith, Taylor) (Entered: 08/26/2019) |
| 08/27/2019 | 35 | ORDER DENYING JOINT STIPULATION TO CONTINUE HEARING RE: DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS 33 by Judge John F. Walter. DENIED BY ORDER OF THE COURT AS MOOT. (iv) (Entered: 08/27/2019) |
| 08/30/2019 | 36 | Joint STIPULATION for Extension of Time to File Plaintiff's Motion for Class Certification filed by Plaintiff Bryce Abbink. (Attachments: # 1 Declaration of Taylor T. Smith, # 2 Proposed Order)(Smith, Taylor) (Entered: 08/30/2019) |
| 08/30/2019 | 37 | REPLY In Support of NOTICE OF MOTION AND MOTION to Dismiss Case 25 filed by Defendant Experian Infomation Solutions Inc. (Ball, Ryan) (Entered: 08/30/2019) |
| 09/03/2019 | 38 | NOTICE OF LODGING filed re *[Proposed] Statement of Decision* re NOTICE OF MOTION AND MOTION to Dismiss Case 25 (Attachments: # 1 [Proposed] Statement of Decision Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6))(Ball, Ryan) (Entered: 09/03/2019) |
| 09/04/2019 | 39 | NOTICE OF LODGING filed *re: [Proposed] Statement of Decision* re NOTICE OF MOTION AND MOTION to Dismiss Case 25 , MEMORANDUM in Opposition to Motion 34 (Attachments: # 1 Exhibit A – [Proposed] Statement of Decision)(Smith, Taylor) (Entered: 09/04/2019) |

| 09/05/2019 | 40 | ORDER GRANTING JOINT STIPULATION TO EXTEND THE DEADLINE TO FILE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION 36 by Judge John F. Walter. Plaintiff shall file his Motion for Class Certification on or before December 16, 2019. (iv) (Entered: 09/05/2019) |
|---|---|---|
| 09/11/2019 | 41 | Notice of Appearance or Withdrawal of Counsel: for attorney Justin Andrew Potesta counsel for Defendant Experian Infomation Solutions Inc. Adding Justin A. Potesta as counsel of record for Experian Information Solutions, Inc. for the reason indicated in the G–123 Notice. Filed by Defendant Experian Information Solutions, Inc.. (Attorney Justin Andrew Potesta added to party Experian Infomation Solutions Inc(pty:dft))(Potesta, Justin) (Entered: 09/11/2019) |
| 09/12/2019 | 42 | MINUTES (IN CHAMBERS) ORDER TAKING UNDER SUBMISSION DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.'S MOTION TO DISMISS [filed 8/14/19; Docket No. 25 ] by Judge John F. Walter. The Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 16, 2019 is hereby vacated and the matter is taken off calendar. The matter will be deemed submitted on the vacated hearing date and the clerk will notify the parties when the Court has reached a decision. (iv) (Entered: 09/12/2019) |
| 09/12/2019 | 43 | MINUTES (IN CHAMBERS) ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE UPON LEND TECH LOANS, INC. [filed 8/19/19; Docket No. 31 ]; and ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE UPON UNIFIED DOCUMENT SERVICES, LLC [filed 8/19/19; Docket No. 32 ] by Judge John F. Walter. The Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 16, 2019 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows: The Court GRANTS Plaintiff's unopposed Motion for Alternative Service Upon Lend Tech Loans, Inc. and Plaintiff's unopposed Motion for Alternative Service Upon Unified Document Services, LLC. (iv) (Entered: 09/13/2019) |
| 09/18/2019 | 44 | PROOF OF SERVICE Executed by Plaintiff Bryce Abbink, upon Defendant Unified Document Services, LLC served on 9/16/2019, answer due 10/7/2019. Service of the Summons and Complaint were executed upon California Secretary of State in compliance with Federal Rules of Civil Procedure by method of service not specified.Original Summons returned. *Service will be deemed complete on 9/26/2019 per Cal. Corp. Code § 17701.16* (Smith, Taylor) (Entered: 09/18/2019) |
| 09/18/2019 | 45 | PROOF OF SERVICE Executed by Plaintiff Bryce Abbink, upon Defendant Lend Tech Loans, Inc. served on 9/16/2019, answer due 10/7/2019. Service of the Summons and Complaint were executed upon California Secretary of State in compliance with Federal Rules of Civil Procedure by service on a domestic corporation, unincorporated association, or public entity.Original Summons returned. *Service will be deemed complete on 9/26/2019 per Cal. Corp. Code § 1702* (Smith, Taylor) (Entered: 09/18/2019) |
| 09/20/2019 | 52 | MINUTES (IN CHAMBERS) ORDER GRANTING DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.'S MOTION TO DISMISS [filed 8/14/19; Docket No. 25 ] by Judge John F. Walter. Experians Motion is GRANTED. Plaintiff's Complaint against Experian is DISMISSED without leave to amend, and the action against Experian is DISMISSED with prejudice. (iv) (Entered: 12/05/2019) |
| 09/23/2019 | 46 | JOINT REPORT of Rule 26(f) Discovery Plan filed by Plaintiff Bryce Abbink. (Smith, Taylor) (Entered: 09/23/2019) |
| 09/25/2019 | 47 | ORDER VACATING SCHEDULING CONFERENCE, REFERRAL TO PRIVATE MEDIATION, and DISMISSING ANY UNSERVED DOE DEFENDANTS by Judge John F. Walter. The Court has reviewed the parties' Joint Rule 26(f) Report and finds that a Scheduling Conference is not necessary. The hearing on October 7, 2019 is vacated and taken off calendar. A Scheduling and Case Management Order will issue. Any unserved DOE defendants are dismissed at this time. The Court, having considered the parties' Request: ADR Procedure Selection, the Notice to Parties of Court–Directed ADR Program, or the report submitted by the parties pursuant to Fed. R. Civ. P. 26(f) and Civil L.R. 26–1, hereby: ORDERS this case referred to: ADR PROCEDURE NO. 3: (Private mediation). The ADR proceeding is to be completed no |

| | | later than: February 3, 2020. The Joint Report re: Results of Settlement Conference due on: February 7, 2020. (iv) (Entered: 09/25/2019) |
|---|---|---|
| 09/25/2019 | 48 | SCHEDULING AND CASE MANAGEMENT ORDER by Judge John F. Walter. The purpose of this Order is to notify the parties and their counsel of the deadlines and the schedule that will govern this action. Pretrial Conference set for 6/12/2020 at 10:00 AM. Hearing on Motions in Limine; Disputed Jury Instructions set for 6/19/2020 at 10:00 AM. Jury Trial set for 6/23/2020 at 8:30 AM. SEE ORDER FOR DETAILS. (iv) (Entered: 09/25/2019) |
| 12/02/2019 | 49 | Joint STIPULATION for Extension of Time to File Plaintiff's Motion for Class Certification filed by Defendant Experian Infomation Solutions Inc. (Attachments: # 1 Declaration of Ryan Ball in Support of Joint Stipulation to Extend the Deadline to File Plaintiff's Motion for Class Certification, # 2 Proposed Order Granting Stipulation to Extend the Deadline to File Plaintiff's Motion for Class Certification)(Ball, Ryan) (Entered: 12/02/2019) |
| 12/03/2019 | 50 | Text Entry Order: The Court has reviewed the Joint Stipulation to Extend the Deadline to File Plaintiffs Motion for Class Certification filed December 2, 2019 (Docket No. 49 ). Counsel have failed to meaningful described the alleged outstanding discovery dispute that is directly related to class discovery and may impact the arguments made on class certification. Accordingly, the requested continuance is denied without prejudice.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (sr) TEXT ONLY ENTRY (Entered: 12/03/2019) |
| 12/04/2019 | 51 | Amended STIPULATION for Extension of Time to File Plaintiff's Motion for Class Certification filed by Defendant Experian Infomation Solutions Inc. (Attachments: # 1 Declaration of Ryan Ball in Support of Amended Joint Stipulation to Extend the Deadline to File Plaintiff's Motion for Class Certification, # 2 Proposed Order Granting Amended Stipulation to Extend the Deadline to File Plaintiff's Motion for Class Certification)(Ball, Ryan) (Entered: 12/04/2019) |
| 12/09/2019 | 53 | NOTICE OF LODGING filed re Order on Motion to Dismiss Case, 52 (Attachments: # 1 [Proposed] Judgment)(Ball, Ryan) (Entered: 12/09/2019) |
| 12/16/2019 | 54 | REQUEST for Clerk to Enter Default against Defendant Lend Tech Loans, Inc. filed by Plaintiff Bryce Abbink. (Attachments: # 1 Affidavit in Support of Plaintiff's Request for Entry of Default Against Lend Tech Loans, Inc., # 2 Proposed Order, # 3 Affidavit of Service) (Smith, Taylor) (Entered: 12/16/2019) |
| 12/16/2019 | 55 | REQUEST for Clerk to Enter Default against Defendant Unified Document Services, LLC filed by Plaintiff Bryce Abbink. (Attachments: # 1 Affidavit in Support of Plaintiff's Request for Entry of Default Against Unified Document Services, LLC, # 2 Proposed Order, # 3 Affidavit of Service) (Smith, Taylor) (Entered: 12/16/2019) |
| 12/16/2019 | 56 | OBJECTIONS to Notice of Lodging 53 *Plaintiff's Objections to Experian Information Solutions, Inc.'s Proposed Judgment* filed by Plaintiff Bryce Abbink. (Smith, Taylor) (Entered: 12/16/2019) |
| 12/17/2019 | 57 | DEFAULT BY CLERK F.R.Civ.P.55(a) as to Lend Tech Loans, Inc. (iv) (Entered: 12/17/2019) |
| 12/17/2019 | 58 | DEFAULT BY CLERK F.R.Civ.P.55(a) as to Unified Document Services, LLC. (iv) (Entered: 12/17/2019) |
| 12/18/2019 | 59 | MINUTES (IN CHAMBERS) ORDER RE: EXPERIAN INFORMATION SOLUTIONS, INC.'S PROPOSED JUDGMENT by Judge John F. Walter. On December 9, 2019, Defendant Experian Information Solutions, Inc. lodged a proposed Judgment with the Court. On December 16, 2019, Plaintiff Bryce Abbink filed Objections to Experian's proposed Judgment. For the reasons stated in Plaintiffs Objections, the Court declines to sign Experians proposed Judgment. (iv) (Entered: 12/18/2019) |
| 12/26/2019 | 60 | STATEMENT Joint Statement Regarding Plaintiff Bryce Abbink's Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss filed by Plaintiff Bryce Abbink (Smith, Taylor) (Entered: 12/26/2019) |

| | | |
|---|---|---|
| 01/02/2020 | 61 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss Case, 52 filed by Plaintiff Bryce Abbink. Motion set for hearing on 2/3/2020 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Proposed Order) (Smith, Taylor) (Entered: 01/02/2020) |
| 01/13/2020 | 62 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss Case, 52 61 filed by Defendant Experian Infomation Solutions Inc. (Ball, Ryan) (Entered: 01/13/2020) |
| 01/13/2020 | 63 | NOTICE OF MOTION AND MOTION for Default Judgment against Defendant Lend Tech Loans, Inc. filed by Plaintiff Bryce Abbink. Motion set for hearing on 2/10/2020 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Declaration of Taylor T. Smith, # 2 Proposed Order) (Smith, Taylor) (Entered: 01/13/2020) |
| 01/13/2020 | 64 | NOTICE OF MOTION AND MOTION for Default Judgment against Defendant Unified Document Services, LLC filed by Plaintiff Bryce Abbink. Motion set for hearing on 2/10/2020 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Declaration of Taylor T. Smith, # 2 Proposed Order) (Smith, Taylor) (Entered: 01/13/2020) |
| 01/17/2020 | 65 | REPLY in support of NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss Case, 52 61 filed by Plaintiff Bryce Abbink. (Smith, Taylor) (Entered: 01/17/2020) |
| 01/21/2020 | 66 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss Case, 52 61 (Attachments: # 1 [Proposed] Statement of Decision)(Ball, Ryan) (Entered: 01/21/2020) |
| 01/21/2020 | 67 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss Case, 52 61 (Attachments: # 1 Exhibit A – [Proposed] Statement of Decision)(Smith, Taylor) (Entered: 01/21/2020) |
| 01/23/2020 | 68 | MINUTES (IN CHAMBERS) ORDER DENYING MOTION TO RECONSIDER ORDER GRANTING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS [filed 1/2/20; Docket No. 61 ] by Judge John F. Walter. Plaintiff's Motion is DENIED. (iv) (Entered: 01/23/2020) |
| 01/29/2020 | 69 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Default Judgment against Defendant Lend Tech Loans, Inc. 63 (Attachments: # 1 Exhibit A – [Proposed] Statement of Decision)(Smith, Taylor) (Entered: 01/29/2020) |
| 01/29/2020 | 70 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Default Judgment against Defendant Unified Document Services, LLC 64 (Attachments: # 1 Exhibit A – [Proposed] Statement of Decision)(Smith, Taylor) (Entered: 01/29/2020) |
| 01/29/2020 | 71 | ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST LEND TECH LOANS, INC. [filed 1/13/20; Docket No. 63 ]; and ORDER GRANTING PLAINTIFFS MOTION FOR DEFAULT JUDGMENT AGAINST UNIFIED DOCUMENT SERVICES, LLC [filed 1/13/20; Docket No. 64 ] by Judge John F. Walter. Plaintiffs Motion for Default Judgment Against Lend Tech Loans,Inc. and Motion for Default Judgment Against Unified Document Services, LLC are GRANTED.Plaintiff shall submit a proposed Judgment that is consistent with this Order and the Court's September 20, 2019 Order granting Defendant Experian Information Solutions Inc.'s Motion to Dismiss by January 31, 2020. (iv) (Entered: 01/29/2020) |
| 01/31/2020 | 72 | NOTICE OF LODGING filed re Order on Motion for Default Judgment,,,,, 71 , Order on Motion to Dismiss Case, 52 (Attachments: # 1 Exhibit A – [Proposed] Final Judgment)(Smith, Taylor) (Entered: 01/31/2020) |
| 02/06/2020 | 73 | FINAL JUDGMENT 72 by Judge John F. Walter. The Court enters JUDGMENT against Plaintiff and in favor of Experian with respect to Counts I & II of the Complaint. The Court enters JUDGMENT in favor of Plaintiff and against Lend Tech with respect to Count III of the Complaint. Lend Tech is ORDERED to pay $2,000. in damages to Plaintiff and $400 in attorneys' fees to Plaintiff's counsel. The Court enters JUDGMENT in favor of Plaintiff and against UDS with respect to Count IV of the Complaint. UDS is ORDERED to pay $1,000 in damages to Plaintiff and $300 in attorneys' fees to Plaintiff's counsel. (MD JS–6, Case Terminated). (iv) (Entered: |

| | | 02/07/2020) |
|---|---|---|
| 03/06/2020 | 74 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Plaintiff Bryce Abbink. Appeal of Order on Motion for Reconsideration 68 , Judgment,, 73 , Order on Motion to Dismiss Case, 52 . (Appeal Fee – $505 Fee Paid, Receipt No. ACACDC–25644154.) (Attachments: # 1 Exhibit A – Final Judgment, # 2 Exhibit B – Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss, # 3 Exhibit C – Order Denying Motion to Reconsider Order Granting Defendant Experian Information Solutions, Inc.'s Motion to Dismiss)(Smith, Taylor) (Entered: 03/06/2020) |
| 03/09/2020 | 75 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 20–55253 assigned to Notice of Appeal to 9th Circuit Court of Appeals 74 as to Plaintiff Bryce Abbink. (et) (Entered: 03/11/2020) |
| 03/19/2020 | 76 | F.R.A.P. 10 Certification filed by Plaintiff Bryce Abbink (Smith, Taylor) (Entered: 03/19/2020) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I also certify that on June 4, 2020, I served the foregoing document by U.S. mail to the following parties:

Lend Tech Loans, Inc.
1851 E. First St. #810
Santa Ana, California 92705

Unified Document Services, LLC
1560 Brookhollow Dr. Ste. 220
Santa Ana, California 92705

Dated: June 4, 2020                    By: */s/ Taylor T. Smith*

                                       Taylor T. Smith
                                       Woodrow & Peluso, LLC

                                       *Attorney for Appellant Bryce Abbink*